MARIA, The ANN.   See Case No. 427.

---

## Case No. 9,077.

### The MARIA BISHOP.

[Blatchf. Pr. Cas. 552.] [1]

District Court, S. D. New York. Oct. 14, 1863.

PRIZE—ENEMY PROPERTY—SALVAGE—AFTER CAPTURE.

1. Vessel and cargo condemned as enemy property.

2. The vessel and cargo having been shipwrecked after seizure, and having been saved by salvors, the court allowed to the salvors, as salvage, one-half of the net proceeds of the salved property, deducting the costs incurred by the United States in the prize suit.

In admiralty.

BETTS, District Judge. The above vessel and cargo were captured off Charleston harbor, May 17, 1863. After seizure the vessel and cargo were shipwrecked. The vessel became a total loss, and was abandoned at sea, and the cargo was reclaimed by salvors, and brought to this port for adjudication. A libel was filed by the libellants, against the prize, in this court, June 3d thereafter, and a writ of attachment was issued thereon on the same day, returnable on the 23d of June following. The marshal returned thereon due service of it upon the said cargo, and no person intervening therefor, except as salvors, defaults were taken, according to the course of the court, and a decree of condemnation was ordered by the court thereupon. On the hearing of the case upon the merits, it was fully proved on the part of the United States that the vessel and cargo were enemy property, owned in Charleston, and had been brought out of that port in violation of the blockade

thereof. On the 2d of June, 1863, the Coast Wrecking Company filed a libel against the aforesaid schooner Maria Bishop and her cargo, demanding a salvage compensation for services, etc., in relieving and saving her from shipwreck and loss while under capture, as aforesaid, by the United States. On the 21st of June following, the United States interposed an answer and claim, and also their own libel, setting forth and demanding the same relief for the aforesaid services. The United States attorney having admitted in court the justness of such demand, and the counsel for the respective parties having submitted it to the judgment of the court to determine the amount of salvage rightfully payable for the salvage services aforesaid, the court, having examined the testimony submitted in the case, and considered the premises, adjudges and determines that one-half of the net proceeds of the salved property, deducting the costs incurred by the United States in the prize suit, be paid to the salvors, or the party representing their interests. A decree to that effect will be entered.